Zhener Low (State Bar No. 355279)
zhener@moni.law
**Morrow Ni LLP**
3333 Michelson Drive Suite 300
Irvine, CA 92612
Telephone: (213) 282-8166

*Attorneys for Petitioner*
*Shanghai Tyron Semiconductor Equipment Co., Ltd.*

**FILED**
NOV 27 2024
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANGHAI TYRON SEMICONDUCTOR EQUIPMENT CO., LTD., a Chinese Corporation,<br><br>Petitioner,<br><br>v.<br><br>Capital Asset Exchange and Trading, LLC, a California Limited Liability Company,<br><br>Respondent. | Case No. C 24 08551 NC<br><br>**PETITIONER'S NOTICE OF ADMINISTRATIVE MOTION TO FILE THIS CASE UNDER SEAL AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE THIS CASE UNDER SEAL** |

---

Case No. To be assigned                    Administrative Motion To File Under Seal

# PETITIONER'S ADMINISTRATIVE MOTION TO FILE THIS CASE UNDER SEAL

## INTRODUCTION

Please take notice that, Petitioner Shanghai Tyron Semiconductor Equipment Co., Ltd. ("Tyron" or "Petitioner"), a Chinese corporation, by and through its undersigned counsel, respectfully submits this Administrative Motion to file a new civil case temporarily under seal against Respondent Capital Asset Exchange and Trading, LLC ("CAET" or "Respondent"), a California corporation. Specifically, Petitioner seeks to file under seal an *ex parte* motion for a temporary restraining order (TRO) and a petition to confirm a foreign arbitration award that provides for preliminary injunctive relief with the case to be unsealed five (5) working days after a TRO consistent with the interim award is issued and served on CAET and its financial institutions (and other relevant parties), to avoid initially alerting Respondent and prompting any dissipating conduct.

Pursuant to Local Rule 7-11(a), a stipulation could not be obtained because the purpose of this Motion is to avoid giving Respondent advance notice sufficient to evade the enforcement of an arbitration award. Accordingly, service of this Motion should not be effected on Respondent until the unsealing of the case.

## RELEVANT HISTORY

In 2022, Petitioner and Respondent entered two Purchase Contracts, under which Petitioner agreed to purchase from Respondent two second-hand lithography machines for a total of US$4,610,000. (Purchase Contracts). Ex. C-3[1] to Declaration of Zhener Low in Support of Administrative Motion to File Petition Under Seal ("Low Sealing Decl"), at 1, 4. Petitioner also purchased related support services relating to deinstallation, bracket installation, rigging, crating and logistic for tools, for a total of US$65,000. Ex. C-1 to Low Sealing Decl, at 11-12. The Purchase Contracts contained identical CIETAC (China International Economic and Trade Arbitration Commission) Shanghai arbitration clauses. Ex. C-3 to Low Sealing Decl, at 3, 6.

---

[1] Exhibit C is Zhener Low's declaration in support of this Petition; Exhibit C-3 is Exhibit 3 attached thereto.

| Case No. To be assigned | 1 | Memorandum of Points and Authorities |

Between August and November 2022, Petitioner paid in full the US$4,675,000 price for the two machines and support services. Ex. C-1 to Low Sealing Decl, at 11-12. However, despite numerous requests to do so, Respondent has to date entirely failed to deliver the machines and support services. *Id.* at 12. While Respondent originally occasionally responded to Petitioner's entreaties to perform, it completely stopped responding as of May 13, 2024. *Id.* at 12.

In accordance with the contract terms, Petitioner filed a CIETAC arbitration on August 30, 2024. *Id.* at 4. CIETAC duly served the initiating documents on Respondent, including at their commonly used e-mail and multiple business addresses. *Id.* at 4-6. Pursuant to CIETAC's applicable emergency arbitration procedures, which procedures were also noticed to Respondent, an emergency arbitrator was appointed on October 9, 2024, to consider Petitioner's request for interim relief. *Id.* at 4. The emergency arbitrator also invited written submissions from the parties and held a virtual hearing. *Id.* at 5-6. Only Petitioner filed written submissions and attended the hearing. *Id.*

On October 24, 2024, the emergency arbitrator issued preliminary injunctive relief in favor of Petitioner and provided it to all parties. The interim award provided that Respondent was restrained from dissipating or other similarly dealing with its assets up to $5,366,500 USD. The award specified that it was binding and effective from the date of the award. *Id.* at 18-19.

The interim award also notes that, in 2024, Respondent was sued for breach of contract in U.S. courts in three separate cases by Semiconductor Global Solutions, Epicrew USA, and Cubit Pte Ltd., for failure to deliver equipment and/or system. *Id.* at 12.

## LEGAL ARGUMENT

### I.  Legal Standard for Sealing

Public access to judicial records is not absolute and can be overcome in appropriate circumstances. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Whereas the stringent "compelling reasons" standard must be satisfied to seal documents connected to dispositive motions and other filings "more than tangentially related to the merits of a case", a party needs only satisfy the "less exacting 'good cause' standard" to justify sealing of

discovery motions unrelated to the merits of the case. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-1097 and 1101 (9th Cir. 2016).[2] For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).

II.   **The Case Should Be Temporarily Sealed.**

    A.   **Legitimate Interests Warrant Sealing**

Petitioner has a legitimate interest that warrants sealing. Respondent is likely in dire financial straits and may dissipate and/or shield its U.S. assets from enforcement if it is alerted to Petitioner's seeking enforcement of the interim arbitration award.

District courts in the Ninth Circuit have granted motions to temporarily seal the case before temporary restraining orders, on the grounds that the counterparty will seek to dissipate their assets if they learn about the action. *Restoration Hardware, Inc. v. Sichuan Wei Li Tian Xia Network Tech. Co.*, 2023 WL 1769189, at *4 (N.D. Cal. Feb. 3, 2023) (granting plaintiff's motion to seal its proposed second amended complaint while plaintiff pursues temporary injunctive relief to preserve the status quo and freeze financial accounts to prevent the potential newly-added defendants from transferring funds and domain names to servers beyond this court's jurisdiction); *Commodity Futures Trading Comm'n v. White Pine Tr. Corp.*, 2005 WL 8173168, at *1 (S.D. Cal. Mar. 2, 2005) (plaintiff filed Complaint and a Motion for Statutory Restraining Order "under temporary seal in order to avoid alerting [d]efendant of the action against him" and to prevent defendant from diverting funds).

Here, Petitioner has strong reasons to believe that dissipation will occur if Respondent is

---

[2] In some cases, the Court has applied the "compelling reasons" standard to motions seeking to seal a final arbitration award with a decision on the merits. *See, e.g., Bloom Energy Corp. v. Badger*, 2021 WL 4079208 (N.D. Cal. Sept. 8, 2021). However, that is not the posture here – the arbitration award that Petitioner seeks to enforce here in a summary proceeding through its Petition concerns non-dispositive interim relief, instead of a dispositive decision on the final merits of the case. Regardless of which standard applies, it is respectfully submitted that Petitioner's instant motion is meritorious and should be granted.

| Case No. To be assigned | 3 | Memorandum of Points and Authorities |

alerted to this proceeding before a TRO can be executed. Specifically, (1) Respondent has failed to satisfy its delivery obligation under the Purchase Contracts and purchase orders after Petitioner has fully paid Respondent over a continuing 2-year period, and has since fallen silent in response to Petitioner's requests for delivery and attempts to communicate Ex. C-1 to Low Sealing Decl, at 11-12; (2) Respondent was given notice of the arbitration, but ignored the proceedings, suggesting it would not satisfy any order, *Id.* at 4-6; and (3) Respondent is now in multiple lawsuits with multiple customers, who are making similar allegations of payment followed by no delivery. *Id.* at 12. In addition, Respondent is currently being sued by its supplier for breach of contract. *See Bam-Hean, LLC v. Capital Asset Exchange and Trading, LLC*, No. 24CV38776 (Or. Cir. Ct. Multnomah Cnty. filed Aug. 8, 2024) (supplier alleging that CAET failed to pay for services rendered). Considering that the business model of the Respondent is to earn spread income as a middleman, and its capital is highly liquid, the emergency arbitrator recognized that the Respondent has a high probability of transferring its assets, and that the failure to take emergency measures to restrain the Respondent from disposing of its property may cause irreparable damage to the Petitioner. Ex. C-1 to Low Sealing Decl, at 17.

Further, effective enforcement of international arbitral awards also warrants sealing. The 9th Circuit has explicitly recognized that Congress enacted Chapter Two of the Federal Arbitration Act (FAA) to provide for the effective and efficient resolution of international arbitral disputes under the Convention. *Day v. Orrick, Herrington & Sutcliffe, LLP*, 42 F.4th 1131, 1133 (9th Cir. 2022). The 9th Circuit has also held that temporary equitable relief in arbitration may be essential to preserve assets or enforce performance which, if not preserved or enforced, may render a final award meaningless. *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1022–23 (9th Cir. 1991). Without sealing the case before the interim relief issued by the emergency arbitrator is confirmed and enforced, Respondent may make any interim award (and a final award) meaningless through dissipation, which would frustrate this legislative purpose.

B.  **Injury Will Result If Sealing Is Denied**

For the same reasons, should this sealing request be denied, Petitioner will suffer injury. If Respondent is prematurely alerted and practically permitted to dissipate its assets, shield its assets from enforcement, or pay off insiders first, assets will not be preserved for enforcement of either this interim award or a substantial final merits arbitration award.

C.  **A Less Restrictive Alternative To Sealing Is Not Sufficient**

No less restrictive alternative to sealing the entire case is sufficient as any initial knowledge of the Petitioner's Petition will alert Respondent. However, the sealing sought here is strictly limited temporally, because Petitioner seeks to seal the case **only** until five (5) working days after a TRO consistent with the interim award is issued and served on Respondent and its financial institutions (and other relevant parties). Respondent can then appear and respond to this confirmation and enforcement proceeding.

## CONCLUSION

For the above-mentioned reasons, Petitioner respectfully requests that this Court grant this Administrative Motion.

Respectfully Submitted,

DATED: November 26, 2024              **MORROW NI LLP**

By: _____

Zhener Low
41 Madison Ave, 31st Floor,
New York, NY 10010
(646) 453-7294
zhener@moni.law

*Attorneys for Petitioner*