UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANGHAI TYRON SEMICONDUCTOR EQUIPMENT CO., LTD., <br><br>Petitioner, <br><br>v. <br><br>CAPITAL ASSET EXCHANGE AND TRADING, LLC, <br><br>Defendant. | Case No. 24-cv-08551 NC <br><br>**ORDER DENYING PETITIONER'S MOTION TO FILE CASE UNDER SEAL** |

Petitioner moves to file this entire civil case, including a petition to confirm and enforce a foreign arbitral award, an ex parte motion for injunctive relief, and sixteen other documents related to these initial filings, temporarily under seal. N.D. California Civil Local Rule 79-5 provides the procedures for seeking to file materials under seal. As a starting point, the public has a right of access to the Court's files. Civil Local Rule 79-5(a). "A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." *Id.* Furthermore, a motion to seal must include "a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed." Civil Local Rule 79-5(c)(3).

"Motions to seal entire pleadings or briefs are **strongly disfavored** and will be granted only in **extraordinary circumstances**." Civil Local Rule 79-5(e) (emphasis added).

Here, Petitioner initially did not file a proposed order with the motion to seal. In response to a Court order, Petitioner then filed a proposed sealing order. The sealing motion and proposed order request that the Court seal the entire case under seal, including the entirety of 18 case-initiating documents. The motion, supporting declarations, and proposed order do not come close to supporting the sealing request.

"There is a general principle in favor of public access to federal court records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The presumption of access is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). The threshold question is what standard to apply to Petitioner's sealing request. Within the Ninth Circuit, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178. The "compelling reasons" standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1096. Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. The Court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (internal quotation marks omitted).

The Ninth Circuit has carved out an exception for "sealed materials attached to a discovery motion unrelated to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1097. Where the sealing request is "unrelated to the merits of a case," the Court may apply a lower "good cause" standard adopted from Federal Rule of Civil Procedure 26(c)(1). *Id.*

2

1    Here, Petitioner argues that the Court should apply the "good cause" standard to the
2    sealing request. But Petitioner cites zero cases where a Court has applied the "good cause"
3    standard to seal an entire case file or a petition to confirm an arbitral award. To the
4    contrary, Petitioner references *Bloom Energy Corp. v. Badger*, No. 21-cv-02154-PJH,
5    2021 WL 4079208, at *10 (N.D. Cal. Sept. 8, 2021). In *Bloom Energy*, this Court applied
6    the "compelling reasons" standard to a petition to confirm an arbitral award. And applying
7    the "compelling reasons" standard, the Court denied the motion to seal. 2021 WL
8    4079208, at *12.
9    This Order, agreeing with *Bloom Energy*, finds that the materials sought to be
10   sealed are more than tangentially related to the merits of the case. The "compelling
11   reasons" standard therefore applies to the motion.
12   Next, the motion to seal does not establish "compelling reasons" that outweigh the
13   presumption of public access. Petitioner argues that sealing is needed because the
14   Respondent might dissipate its assets if it has notice of the case and motion for injunctive
15   relief. But the motion does not plausibly explain why Respondent was not already on
16   notice, with the same motivation to dissipate its assets, after receiving notice of the
17   October 24, 2024, arbitral award. In every civil case, the defendant might be motivated to
18   dissipate its assets if it knew it was being sued. Petitioner's speculation here does not meet
19   the "compelling reasons" to show sealing.
20   Finally, whether the standard is "compelling reasons" or "good cause," Petitioner's
21   motion to seal is not "narrowly tailored" as required by Local Rule 79-5(c).
22   For these reasons, the Court denies Petitioner's motion to seal in its entirety. When
23   the Court denies a motion to seal, it will then determine whether to consider the
24   information sought for sealing and require its public filing, permit its withdrawal without
25   considering the information, or order any other disposition it deems proper. Civil Local
26   Rule 79-5(g). Here the Court will require public filing of the case and all materials
27   submitted to date. The motion does not come close to meeting the burden for sealing, is
28   not narrowly tailored, and does not plausibly establish prejudice that will be caused if the

motion is denied.

**IT IS SO ORDERED.**

Dated: November 27, 2024    _____
NATHANAEL M. COUSINS
United States Magistrate Judge