UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANGHAI TYRON SEMICONDUCTOR EQUIPMENT CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ASSET EXCHANGE AND TRADING, LLC,<br><br>Defendant. | Case No.  5:24-cv-08551-EJD<br><br>**ORDER REGARDING MOTION TO STAY ENTRY OR ENFORCEMENT OF STIPULATED JUDGMENT**<br><br>Re: Dkt. No. 27 |

Respondent Capital Assets Exchange and Trading, LLC ("CAET") filed an *ex parte* motion to stay the entry or enforcement of a stipulated judgment on April 7, 2025.  ECF No. 27. Two days later, Petitioner Shanghai Tyron Semiconductor Equipment Co., Ltd. ("Tyron") filed a notice of its intent to oppose CAET's motion.  ECF No. 32.  The Court held a status conference on April 10, 2025, at which both parties appeared, and the Court issued oral rulings.  ECF No. 33. This Order expands on those rulings.

The parties settled this case on February 1, 2025.  The settlement agreement includes a payment schedule and provides that, should CAET miss a scheduled payment, Tyron may enter a stipulated judgment against CAET.  CAET now contends it has concerns, arising from a recent call with unknown agents from the FBI and BIS, that issuing the next payment scheduled for April 15, 2025, may violate the Office of Foreign Assets Control ("OFAC") regulations.  CAET urges the Court to stay entry or enforcement of the stipulated judgment while it seeks guidance or a license from OFAC permitting them to issue the next April 15, 2025, payment.

For the reasons stated on the record, the Court **DENIES IN PART** and **DEFERS IN**

Case No.: 5:24-cv-08551-EJD
ORDER REGARDING MOT. TO STAY ENTRY OR ENFORCEMENT OF JUDGMENT
1

**PART** CAET's motion.  The Court denies CAET's request to stay the entry of judgment pending guidance from the OFAC or resolution of the present motion.  The Court had previously delayed Tyron's initial petition in this case so that CAET could conduct further investigations into whether refunding Tyron would violate OFAC regulations.  In that time, CAET received limited informal discovery from Tyron, concluded that Tyron was not on the OFAC list, and entered into the settlement agreement.   CAET represents that Tyron is still not on the OFAC list, and the Court has not been presented with any authority or directive from any government agency to intervene in the parties' bargained agreement.  Tyron continues to have the right to pursue the stipulated judgment in the event that CAET misses the April 15, 2025, payment deadline, pursuant to the terms of the settlement agreement.

However, the Court will continue to consider the request to stay enforcement of the judgment pending guidance or a license from OFAC, should Tyron pursue the stipulated judgment.  Tyron may file a response by May 1, 2025, to which CAET may file a reply by May 15, 2025.  The Court will hold a hearing on May 22, 2025, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: April 10, 2025

EDWARD J. DAVILA
United States District Judge